Filed 10/28/25  In re E.D. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re E.D., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E086197 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ2100411) |
| v. | OPINION |
| M.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Judge.  Affirmed.

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Prabhath Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

1

In this dependency case concerning Minor (Minor), the juvenile court terminated the parental rights of his mother, defendant and appellant M.P. (Mother), and his alleged father, E.D.1. (Father). (Welf. & Inst. Code, § 366.26, subd. (b)(1).)[1] Mother contends the juvenile court erred in finding plaintiff and respondent Riverside County Department of Public Social Services (the Department) conducted an adequate inquiry into whether Minor may have Indian ancestry. Specifically, Mother asserts the inquiry was insufficient because the Department did not question Minor's maternal grandparents, paternal grandfather, and paternal aunt. We affirm.

## FACTS

### A.    HALF-SIBLINGS

Mother gave birth to two children who are older than Minor—V.P. and S.C (Siblings). Siblings do not have the same father as Minor. The three children's maternal grandmother is an alcoholic. Mother abuses methamphetamine.

Siblings' dependency case began in 2021. As to Siblings, the juvenile court found that the Indian Children Welfare Act of 1978 (ICWA) did not apply. Mother did not participate in her reunification services pertaining to Siblings and therefore did not reunify with Siblings.

---

[1] All subsequent statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

## B.     DETENTION

Mother gave birth to Minor in October 2023.  The Department was immediately involved with Minor due to Mother's ongoing dependency case with Siblings.  On October 11, 2023, when speaking with the Department social worker at the hospital, Mother denied having Indian ancestry and declined to provide Minor's maternal grandparents' contact information.  On October 26, 2023, a Department social worker asked Mother "for any possible family members to consider for placement.  [Mother] abruptly ended the call by hanging up."  The Department detained Minor upon his discharge from the hospital.

Father did not sign Minor's birth certificate because Father "was not present at the time of signing."  Father did not attend the detention hearing.  The juvenile court identified Father as Minor's alleged father and denied him reunification services.

## C.     JURISDICTION AND DISPOSITION

Father did not attend the January 2024 jurisdiction hearing.  At the hearing, the juvenile court found ICWA did not apply.  The juvenile court again identified Father as Minor's alleged father and denied him reunification services.

## D.     SIX-MONTH REVIEW

In April 2024, Father denied having Indian ancestry.  In July 2024, at the six-month review hearing, the juvenile court found the Department conducted an adequate ICWA inquiry and Minor is not an Indian child.  The juvenile court terminated Mother's reunification services.

E.    TERMINATION OF PARENTAL RIGHTS

In January 2025, a Department social worker again asked Mother about any Indian ancestry she may have.  Mother again denied having Indian ancestry.  The social worker tried telephoning Father to again inquire about any Indian ancestry, but Father's telephone number was not in service.  The social worker spoke with Minor's paternal grandmother who denied having Indian ancestry.  The paternal grandmother said that she and Minor's paternal grandfather "are of Mexican descent."  The paternal grandmother also informed the social worker that Father was in prison.  The social worker mailed Father a letter, in prison, inquiring about any Indian ancestry.  There is no indication that Father responded to the letter.  The juvenile court terminated Mother's and Father's parental rights to Minor.  When terminating Father's parental rights, the juvenile court again identified Father as Minor's alleged father.

**DISCUSSION**

Mother contends the juvenile court erred in finding the ICWA inquiry was sufficient because the Department did not question Minor's maternal grandparents, paternal grandfather, and paternal aunt about possible Indian ancestry.

We apply the abuse of discretion standard of review.  (*In re K.H.* (2022) 84 Cal.App.5th 566, 589; see also *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)  "The juvenile court may find that ICWA does not apply to a proceeding if it determines 'that proper and adequate further inquiry and due diligence as required . . . have been conducted and there is no reason to know whether the child is an Indian child.' " (*K.H.*, at p. 589.)  When a county places a child in foster care, the county "has a duty to inquire

4

whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child, parents, . . . [and] extended family members, . . . whether the child is, or may be, an Indian child." (§ 224.2, subd. (b)(2).)

Under ICWA, " 'parent' means any biological parent or parents of an Indian child . . . who has lawfully adopted an Indian child . . . . It does not include the unwed father where paternity has not been acknowledged or established." (25 U.S.C. § 1903(9).) "A man who may be the father of a child but has not established his biological paternity, or achieved presumed father status, is an alleged father." (*In re H.R.* (2016) 245 Cal.App.4th 1277, 1283.) Thus, ICWA does not apply to alleged fathers because they have not established biological paternity. (*In re E.G.* (2009) 170 Cal.App.4th 1530, 1533.) Because Father is an alleged father, ICWA does not apply to him or his relatives, as there is no evidence of them having a biological or adoptive connection to Minor. Consequently, there was no requirement that the Department inquire of Father or his relatives regarding Indian ancestry.

Father contends, "Father is a person who has an interest in [Minor], was reasonably available to help the Department with its investigation into whether [Minor] had any potential Indian ancestry, and thus, he should have been asked about Native American ancestry." In April 2024, Father denied having Indian ancestry. In January 2025, a Department social worker tried telephoning Father to again inquire about any Indian ancestry, but Father's telephone number was not in service. The social worker spoke with Minor's paternal grandmother who denied having Indian ancestry. The paternal grandmother also informed the social worker that Father was in prison. The

5

social worker mailed Father a letter, in prison, inquiring about any Indian ancestry. The foregoing facts reflect the Department asked Father and the paternal grandmother about any possible Native American ancestry.

Next, we address the failure to inquire of Minor's maternal grandparents. The definition of "extended family members" includes grandparents. (§ 224.1, subd. (c)(1).) The duty to inquire of extended family members does not "obligate county welfare departments to search for possible Indian ancestry without regard to cost or other practical considerations. Rather, it . . . ensure[s] social workers 'ask an added question of extended family members whom [they] often already are investigating in their usual course of work.' " (*In re H.B.* (2023) 92 Cal.App.5th 711, 720.)

" 'Where . . . a parent largely fails . . . to provide names and contact information for extended family members, [the Department's] ability to conduct an exhaustive ICWA inquiry necessarily is constrained.' [Citation.] '[W]e cannot ask the [Department] to intuit the names of unidentified family members or to interview individuals for whom no contact information has been provided.' [Citation.] Requiring the Department to track down information about extended family members beyond that offered by participants in the proceedings would impose an undue burden on the Department and necessarily reduce the resources it has to otherwise protect the welfare of dependent children." (*In re H.B.*, *supra*, 92 Cal.App.5th at p. 720.)

6

The record reflects that an inconclusive allegation of neglect was made involving Minor's older half-sibling, V.P., in September 2020. The relevant part of the allegation was as follows: "The mother was reportedly using methamphetamines and the maternal grandmother was an alcoholic. . . . The grandmother would drink beer sometimes but denied doing so while caring for the child."

There is nothing in the record indicating the Department had the information it needed to contact maternal grandparents during Minor's case, i.e., in 2023, 2024, or 2025, such that it could have asked the maternal grandparents about possible Indian ancestry. On October 11, 2023, Mother declined to give the Department the maternal grandparents' contact information. On October 26, 2023, Mother hung up on the social worker who asked about possible family members for placement of Minor. Thus, the Department tried to gather maternal grandparents' contact information, but Mother did not cooperate with the Department's efforts.

The record reflects the Department social workers inquired of the relatives with whom they came in contact—Mother, Father, and paternal grandmother. The Department made efforts to gather more contact information for other relatives, but they were blocked by Mother. We conclude the Department's efforts support the juvenile court's finding that the Department conducted an adequate inquiry into whether Minor is an Indian child.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

8